### SHARPLING v LORAIN (city)

Ohio Appeals, 9th Dist, Lorain Co

No. 574.   Decided Oct 21, 1931

J. F. Strenick, Lorain, for Sharpling.
Henry G. King, Lorain, for City.

WASHBURN, J.

We hold that the fact that the Municipal Court act provides that the judgments of that court may be reviewed on petition in error in the Common Pleas Court does not deprive this court of the jurisdiction conferred upon it by the constitution to review on petition in error the judgments of all courts of record in the district. The Municipal Court of Lorain is expressly made a court of record by the act of the legislature creating it, and hence the claim of the defendant in error must be denied. This is in accordance with the holding of this and other courts in Ohio in many similar cases.

Upon the trial in the Municipal Court the plaintiff in error offered no evidence bearing upon his guilt or innocence, and if the evidence that was admitted at the trial was properly admitted, the guilt of the plaintiff in error is established beyond peradventure.

The plaintiff in error contends that the evidence which was introduced at the trial was not competent because the same was obtained by virtue of a search warrant that was illegally issued.

The evidence discloses that the officers visited the residence of the plaintiff in error and obtained admission by virtue of a search warrant, and, upon the search they found a still in actual operation and seven gallons of liquor containing 30% of ethyl alcohol by volume, and they also found a quantity of mash in use in the operation of the still. The mash so found was destroyed upon the premises, and the seven gallons of liquor, together with the still, was taken to police headquarters and preserved as evidence.

Before the trial the plaintiff in error filed a motion asking that said still and intoxicating liquor be returned to his possession, because said search warrant was issued by a deputy clerk of the Municipal Court, without any affidavit therefor being filed with or called to the attention of the judge of the Municipal Court and without said Municipal Judge having ordered said search warrant to be issued.

After evidence had been offered in support of said claim, it was conceded that said search warrant was issued by said deputy clerk without the matter of issuing it having been first submitted to the Municipal Judge and without said judge having

made any order in reference to the issuance of the same. The prosecution then examined one of the officers making said search and he testified, without objection, that he found said still and said liquor upon said premises. Plaintiff in error objected, however, to the introduction of the liquor in evidence, as well as to the testimony of the chemist who analyzed the same.

The court overruled the motion of the plaintiff in error for the return of the property seized and admitted the same in evidence, and later found the plaintiff in error guilty as charged and imposed a fine of $500.

It was the contention of counsel for plaintiff in error at the trial, and it is his contention in this court, that his motion for the return of the property seized should have been granted, and that it was prejudicial error for the court to overrule said motion and later received said property in evidence. Attention is called to a recent decision by this court, in which it was stated that under the statutes of Ohio as recently amended, the determination of whether a search warrant should be issued in the Common Pleas Court is a judicial question ,which a clerk of that court has no authority to decide.

We adhere to that opinion, but we recognize, of course, that, owing to special enactments of the legislature relating to Municipal Courts, it may not be a judicial question in some Municipal Courts; but we find no provision in the act creating the Municipal Court of Lorain which gives the clerk of that court the right to issue a search warrant without the approval of the judge of that court, and therefore said general laws governing the issuance of search warrants are applicable and controlling in this case.

However, that question is not determinative of the case now before us. In this case the plaintiff in error's residence was being used for the illegal manufacture of intoxicating liquor, and therefore his residence was not a bona fide private dwelling and was subject to search for contraband property, the same as any place. The property seized in this case was clearly contraband under the law. Where property used in the unlawful manufacture of intoxicating liquor, which, under the prohibition law, is contraband property, is seized in a place not immune from search, it is admissible in evidence, even though the seizure was made upon a process unlawfully procured. In such a case the character of the property so seized makes its possession unlawful, and the court has no right to order its return to the person from whose possession

it was taken, nor prevent its use as evidence because of the manner in which its possession was obtained.

Rosanski v State, 106 Oh St 442.

State v Sabo, 108 Oh St 200.

It follows, therefore, that in this case the Municipal Court was right in overruling the motion of the plaintiff in error and in admitting in evidence the property seized and the testimony of the officers as to what they observed and found upon the search, and that evidence being competent, the guilt of plaintiff in error was established, as has been said, beyond any doubt whatever, and therefore the court was right in finding him guilty.

It is also urged that there was error in the procedure of the court at the time of trial.

While the procedure was not in all respects regular, we think, on the record as a whole, that the evidence on behalf of the prosecution was introduced in the first instance on the merits of the case as well as upon the motion, and that it was not error for the court to so consider it; the plaintiff in error was not deprived of an opportunity to defend on the merits nor was he deprived of any substantial right.

Judgment affirmed.

PARDEE, PJ, and FUNK, J, concur.